UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BURT DANIELS,<br><br>            Plaintiff,<br><br>   v.<br><br>GEORGE RECKNAGEL, *et al.*,<br><br>            Defendants. | Case No.  C04-5788RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 3, 2006 |

    This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court because plaintiff has failed to respond to defendant's motion to dismiss (Doc. 13) and to the court's order directing him to respond (Doc.15). For the reasons set forth below, I recommend that the Court grant defendant's motion dismiss and dismiss plaintiff's causes of action.

## DISCUSSION

    On or about November 22, 2004, plaintiff filed his complaint with the court to challenge his assignment to defendant George Recknagel, Ph.D.'s sex offender treatment group (SOTG), and to challenge defendant Richard Stokes, Ph.D.'s role in the treatment team's decision to reduce plaintiff's privilege level from 5 to 4. Mr. Daniels is committed to the Department of Social and Health Services Special Commitment Center (SCC) as a sexually violent predator. Plaintiff alleges that the facts alleged in his complaint demonstrate defendants' "pattern and practice of racial profiling, abuse, intimidation, false

reporting, retaliation, outrageous behavior and malicious prosecution; which has been condoned, tolerated, adopted and excused by defendants in violation of plaintiff's constitutional rights." Amended Complaint (Doc. 5).

On May 6, 2005, defendants filed a motion to dismiss plaintiff's complaint and causes of action. In their motion they argue "the Court should dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction in view of plaintiff's failure to plead a federal claim."  Having not received any response to the dispositive motion, on July 26, 2005, the court issued an order directing Mr. Daniels show cause why he has not filed a response to the motion and why the court should not grant defendants' motion to dismiss. Mr. Daniels was instructed to file a response by not later than August 22, 2005.  To date, the court has not received any response, or other pleadings from plaintiff since the Amended Complaint was filed on or about December 22, 2004.  Local Rule CR 7(b)(2) requires each party opposing a motion to file a response.  The rule states, in relevant part:

> If a party fails to file the papers in opposition to a motion, such failure may be considered by the court <u>as an admission that the motion has merit</u>.

(Emphasis added).   Plaintiff's failure to respond to the merits of defendants' motion to dismiss is deemed by the court to be an admission that the motion has merit.

## CONCLUSION

Because plaintiff has not responded to defendant's motion, the Court should GRANT defendants motion to dismiss.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 3, 2006**, as noted in the caption.

DATED this 12th day of January, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2